### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.

KATHLEEN FINGER,

    Plaintiff,

v.

RED LION HOTELS COPORATION,
R. CARTER PATE,
FREDERIC F. BRACE,
LINDA C. COUGHLIN,
TED DARNALL,
JANET L. HENDRICKSON,
JOSEPH B. MEGIBOW, and
KENNETH R. TRAMMELL,

    Defendants.

### COMPLAINT AND JURY DEMAND

Plaintiff Kathleen Finger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1. This is an action brought by Plaintiff against Red Lion Hotels Corporation ("Red Lion" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which the Company will be acquired by Sonesta International

Hotels Corporation ("Sonesta") through its wholly owned subsidiary Roar Merger Sub Inc. ("Merger Sub") (the "Proposed Transaction").

2.     On December 30, 2020, Red Lion issued a press release announcing that it had entered into an Agreement and Plan of Merger (the "Merger Agreement"), dated December 30, 2020, to sell Red Lion to Sonesta.  Under the terms of the Merger Agreement, each Red Lion stockholder will be entitled to receive $3.50 in cash for each Red Lion share they own (the "Merger Consideration").  The Proposed Transaction is valued at approximately $90 million.

3.     On February 9, 2021, Red Lion filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Red Lion stockholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning, among other things: (i) Red Lion management's financial projections and the data and inputs underlying the financial valuation analyses performed by the Company's financial advisor, Jefferies LLC ("Jefferies"); and (ii) the background of the Proposed Transaction. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     In short, unless remedied, Red Lion's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Red Lion is headquartered in this District. Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Red Lion common stock.

9. Defendant Red Lion is a Washington corporation with its principal executive offices located at 1550 Market Street, #350, Denver, Colorado 80202. Red Lion is a hotel company focused on the franchising of 8 brands – Hotel RL, Red Lion Hotels, Red Lion Inn & Suites, Signature Inn, GuestHouse Extended Stay, Americas Best Value Inn, Canadas Best Value Inn, and Knights Inn. The Company's common stock is traded on the New York Stock Exchange under the ticker symbol "RLH."

10. Defendant R. Carter Pate ("Pate") has been Chairman of the Board since December 26, 2019, and a director of the Company since May 2019.

11. Defendant Frederic F. Brace ("Brace") has been a director of the Company since

3

July 2019.

12. Defendant Linda C. Coughlin ("Coughlin") has been a director of the Company since May 2020.

13. Defendant Ted Darnall ("Darnall") has been a director of the Company since July 2018.

14. Defendant Janet L. Hendrickson ("Hendrickson") has been a director of the Company since May 2020.

15. Defendant Joseph B. Megibow ("Megibow") has been a director of the Company since March 2017.

16. Defendant Kenneth R. Trammell ("Trammell") has been a director of the Company since May 2020.

17. Defendants identified in paragraphs 10 to 16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

18. Sonesta is a Maryland corporation with its principal executive offices located at 255 Washington Street, Newton, Massachusetts 02458. It is one of the fastest growing hospitality companies in the United States, with seven brands that, collectively, operate across the globe, including the United States, Canada, Chile, Colombia, Ecuador, Egypt, Peru, and St. Maarten.

19. Merger Sub is a Washington corporation and a wholly-owned subsidiary of Sonesta.

## SUBSTANTIVE ALLEGATIONS

**Company Background**

20. Red Lion is primarily engaged in the franchising and ownership of upscale, midscale and economy hotels in the U.S. and Canada under the following proprietary brands: Hotel

4

RL, Red Lion Hotels, Red Lion Inn & Suites, GuestHouse Extended Stay, Americas Best Value Inn, Canadas Best Value Inn, Signature Inn and Knights Inn, and their respective brand extensions. Established in 1959, the Company currently owns, franchises, licenses, or provides connectivity services to approximately 950 hotels representing approximately 58,638 available rooms system wide.

21. On November 4, 2020, the Company announced its third quarter 2020 financial results, including a net loss of $3.1 million, or $0.12 per share, as compared to a net loss of $3.7 million or $0.15 per share the prior year period. Reflecting on the Company's results, the Company's Chief Executive Officer John Russell commented:

> We are pleased with the performance of our brands in the third quarter as they outperformed their competitive sets on RevPAR index as reported by STR. With our franchisees concentrated in drive-to markets, our hotels benefitted from increased travel during the summer months as shelter-in-place restrictions lifted. To help our franchisees drive future profitability, we have continued to enhance our franchise support, including a new more user-friendly revenue-generating program, expanded marketing opportunities, and local sales solutions. Activities such as these contributed to our improved year-over-year franchisee retention.
>
> We are excited that our brand reputation scores have improved across all of our brands, with the strongest gains from Americas Best Value Inn, Canadas Best Value Inn, and Knights Inn. We are also pleased to have our ABVI brand ranked #2 by JD Power for all economy brands. We are focusing our efforts on ensuring the continued success of our franchisees while also maintaining financial discipline through cost controls initiated at the beginning of the year. We are encouraged by our progress particularly in light of the ongoing impact of the pandemic.

**The Proposed Transaction**

22. On December 30, 2020, Red Lion issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> DENVER, Dec. 30, 2020 -- RLH Corporation (NYSE: RLH) ("RLH" or "Red Lion"), the 10th-largest US-based hotel franchise company serving a large segment of American consumers, today announced that it has entered into a definitive merger agreement ("Merger Agreement" or "agreement") with Sonesta International Hotels Corporation ("Sonesta") under which RLH will be acquired by

5

> Sonesta in an all-cash transaction valued at approximately $90 million. The agreement has been unanimously approved by the RLH Board of Directors.
>
> Under the terms of the Merger Agreement, holders of RLH's common stock will receive $3.50 per share in cash. This represents an 88% premium over the November 4, 2020, closing share price, the last trading date before Red Lion most recently provided an update on its strategic alternatives, and a 30% premium over today's closing price prior to the transaction being announced.
>
> "We are excited about unlocking shareholder value through this all-cash transaction with Sonesta," said R. Carter Pate, Chairman of RLH. "After conducting a thorough review of strategic alternatives, the Board believes today's announcement is in the best interest of all of Red Lion's shareholders."
>
> The transaction, which is currently expected to close in the first half of 2021, is subject to customary closing conditions, including the approval of RLH's shareholders, who will vote on the transaction at a special meeting on a date to be announced. The transaction is not contingent on receipt of financing by Sonesta. Upon completion of the transaction, RLH will become a privately-held company, and its common stock will no longer be listed on the NYSE.

**<u>Insiders' Interests in the Proposed Transaction</u>**

23. Red Lion insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will receive unique benefits in connection with the Proposed Transaction not available to Plaintiff and the other public stockholders of Red Lion.

24. Company insiders also stand to reap substantial financial benefits for securing the deal with Sonesta. Pursuant to the Merger Agreement, all restricted stock units ("RSUs") and performance based restricted stock units ("PSUs") will vest and convert into the right to receive the Merger Consideration.

25. Moreover, if they are terminated in connection with the Proposed Transaction, Red Lion's named executive officers are set to receive cash severance payments in the form of golden parachute compensation, as set forth in the following tables:

| Name | Severance Payment(1) | Accelerated Company Restricted Stock Units (RSUs)(2) | Accelerated Company Performance Stock Units (PSUs) | Total |
|---|---|---|---|---|
| John J. Russell, Jr. | $400,000 | $ 200,379 | — | $600,379 |
| Gary Kohn | $350,000 | $ 315,000 | — | $665,000 |

**The Proxy Statement Contains Material Misstatements or Omissions**

26. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Red Lion's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

27. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Red Lion management's financial projections and the data and inputs underlying the valuation analyses performed by Jefferies; and (ii) the background of the Proposed Transaction.

*Material Omissions Concerning Red Lion Management's Financial Projections and Jefferies' Financial Analyses*

28. The Proxy Statement omits material information regarding Company management's financial projections.

29. For example, the Proxy Statement sets forth that the Company's revenue disclosed in the forecasts includes "revenue from royalties of select service brands (SSB) and mid-scale and upscale Brands (USB), marketing, reservations and reimbursables (MRR) and other franchises." Proxy Statement at 40. The Proxy Statement fails, however, to disclose a breakdown of the amount of revenue achieved through each of these segments.

30. The Proxy Statement also fails to disclose all line items underlying the calculation of EBITDA and unlevered free cash flow.

31. Additionally, the Proxy Statement describes Jefferies' fairness opinion and the

7

various valuation analyses performed in support of its opinion.  However, the description of Jefferies' fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Red Lion's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Jefferies' fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

32. With respect to Jefferies' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the Company's estimated calendar year 2024 Adjusted EBITDA used to derive the terminal value; (ii) quantification of the Company's terminal value; (iii) quantification of the inputs and assumptions underlying the discount rates ranging from 13.5% to 15.0%; (iv) the Company's net cash as of December 31, 2020; and (v) the number of fully diluted shares of Company common stock.

33. With respect to Jefferies' *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies observed by Jefferies.

34. With respect to Jefferies' *Premiums Paid Analysis*, the Proxy Statement fails to disclose the transactions observed and the individual premiums for each of the transactions.

35. The omission of this information renders the statements in the "Certain Company Forecasts" and "Opinion of Financial Advisor to the Company" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

36. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

37. For example, the Proxy Statement sets forth that the Company entered into confidentiality agreements with numerous potential counterparties throughout the sale process. While the Proxy Statement sets forth the terms of certain of these confidentiality agreements, it fails to disclose the terms of all of the confidentiality agreements, specifically whether they include "don't-ask, don't-waive" ("DADW") standstill provisions that are presently precluding any of these potential buyers from submitting a topping bid for the Company.

38. The failure to disclose the existence of DADW provisions, creates the false impression that any of the potential buyers who entered into confidentiality agreements could make a superior proposal for the Company. If those confidentiality agreements contain DADW provisions, then those potential buyers can only make a superior proposal by (i) breaching the confidentiality agreement—since in order to make the superior proposal, they would have to ask for a waiver, either directly or indirectly; or by (ii) being released from the agreement, which if action has been done, is omitted from the Proxy Statement.

39. Any reasonable Red Lion stockholder would deem the fact that the most likely topping bidders for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

40. The omission of this information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

41. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Red Lion stockholders

9

will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## COUNT I

### Against All Defendants for Violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 Promulgated Thereunder

42. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

43. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

44. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about Red Lion management's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Jefferies, and the background of the Proposed Transaction. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or whether to seek to exercise their appraisal rights.

46. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

48. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

49. The Individual Defendants acted as controlling persons of Red Lion within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Red Lion and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They

were, thus, directly involved in the making of this document.

52. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the directors.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Red Lion's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands injunctive relief, in her favor and against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction unless and until defendants disclose and disseminate the material information identified above to Red Lion stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 22, 2021                      Respectfully submitted,

*/s/ Richard A. Acocelli*
Richard A. Acocelli
**WEISSLAW LLP**
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*